United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raquel Rodriguez, | No. C 08-3982 JL |
| Plaintiff, | |
| v. | ORDER LIMITING SCOPE OF EVIDENTIARY HEARING RE: MOTION TO STAY ACTION AND COMPEL ARBITRATION |
| Michael Sim, | |
| Defendant. | |
| _____/ | |

**Introduction**

Plaintiff Raquel Rodriguez filed a wrongful termination and employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, among other related claims, against her former employer, Defendant Michael Sim, the current owner of Eden Villa-San Francisco. In lieu of an Answer, Defendant moved to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, pursuant to an alleged arbitration agreement between the parties. Plaintiff then requested an evidentiary hearing to clarify certain material issues of fact.

The Federal Arbitration Act does not confer federal question jurisdiction under 28 U.S.C. § 1331; rather, there must be an independent basis for jurisdiction. 9 U.S.C. § 4; *Volt Info. Sciences, Inc. v. Bd. of Tr. of the Leland Stanford Junior Univ.*, 389 U.S. 468, 479 (1989). In this case, this Court has original jurisdiction over this matter pursuant to 28

U.S.C. § 1331 and § 1367, because the underlying claim, Plaintiff's employment discrimination claim, arises under federal law. Additionally, all parties consented to this court's jurisdiction as provided by 28 U.S.C. § 636 (c) and by N.D. Cal. Civ. R. 73.

## Legal Analysis

### I. Standard for Compelling Arbitration

"[A]rbitration is a matter of contract." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). The Federal Arbitration Act provides that arbitration agreements generally "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2 (2002). However, when grounds "exist at law or in equity for the revocation of any contract," courts may decline to enforce such agreements. 9 U.S.C. § 2*; Ingle*, 328 F.3d at 1170.

Generally applicable defenses to contract such as such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements. *Doctor's Assoc., Inc. v. Casarotto*, 17 U.S. 681, 687 (1996) (interpreting the language of 9 U.S.C. §2). Because of the strong policy favoring arbitration, doubts will be resolved in favor of the party moving to compel arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Const., Corp.*, 460 U.S. 1, 24 (1983).

To evaluate the validity of an arbitration agreement, federal courts "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

### II. California Contract Law

When a petition to compel arbitration, subject to the United States Arbitration Act, 9 U.S.C. §§ 1-16, is filed and accompanied by prima facie evidence of a written arbitration agreement, the court itself must determine whether the agreement exists, Cal. Code Civ. P. §§ 1281.2, 1290.2, and if any defense to its enforcement is raised, whether it is enforceable, *Rosenthal v. Great W. Fin. Sec. Corp.,* 14 Cal. 4th 394 (Cal. 1996). A petition to compel arbitration is in essence a suit in equity to compel specific performance of a contract. *Id.* Where there are sharply contrasting factual accounts, the better course is for

the trial court to hear oral testimony and allow the parties the opportunity for cross-examination. *Rosenthal v. Great Western Fin. Securities. Corp.*, 14 Cal 4th. 394 (Cal. 1996).

In this case, Defendants proffer evidence of a written arbitration agreement.  As Plaintiff alleges that she did not knowingly consent to the agreement to arbitrate, there is an issue as to whether a valid agreement was formed.  Plaintiff has also raised the defense of unconscionability, a valid defense to contract under California law, *see Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (Cal. 2000).

Defendant, on the other hand, contends that the primary issue is whether Plaintiff was defrauded into signing the arbitration agreement.  Fraud is a generally applicable defense to contract.  Cal. Civ. Code § 1689 (2008).  California law distinguishes between fraud in the "inception" of a contract and fraud in the "inducement" of a contract. *Rosenthal*, 14 Cal. 4th at 415.   Where a party's apparent assent to a written contract is negated by fraud in the inception, no arbitration agreement was formed.  *Id.* at 417.  Fraud in the inception is an issue for the trial court, whereas fraud in the inducement - where a party intends to assent to an agreement but there is some other misrepresentation - is an issue for arbitration rather than for the court, because there exists intent to enter into an agreement.  *Id.* at 415.  Here, because Rodriguez argues that "she never even knew that what she was signing was even a contract," it appears that she alleges fraud in the inception, which is a proper issue for the court to decide.

## Conclusion and Order

This Court has considered the Motion to Stay Action and Compel Arbitration (Docket Number 11) by Defendant Michael Sim.  After careful consideration of the moving and opposing papers, the Court hereby orders that the evidentiary hearing be limited to evidence relevant to those material issues of fact that directly relate to the existence and validity of the alleged arbitration agreement. This Court has denied the following issues raised by the parties' briefs:

1. Was there an agreement to arbitrate? The Court seeks any evidence of Plaintiff's

assent to the arbitration provision, including testimony as to whether Plaintiff was aware of the provision, either because of the nature of the form, or because of what was communicated to Plaintiff, or both. Evidence may also include testimony as to the authenticity of the location and the date, which Plaintiff argues is not in her handwriting.

   2. Was Plaintiff defrauded into signing the alleged arbitration agreement? The Court seeks evidence of Plaintiff's English language skills and evidence of notice to Defendant or Harlyta Rabor regarding Rodriguez's language abilities, whether it be express or implied in the nature of their working relationship. The Court also requests testimony regarding the circumstances under which the arbitration agreement was signed, including what, if anything, Plaintiff knew about the arbitration provision, and how she acquired that knowledge.

   3. Was the agreement unconscionable because it was a contract of adhesion? The Court seeks any evidence that the agreement was coercive (i.e., offered on a "take it or leave it" basis) or alternatively, evidence that it was a product of arms-length dealing. Evidence may include testimony as to the circumstances surrounding the signing of the agreement, any mutual benefits flowing from the agreement that are not apparent on the face of the agreement, and the rate of employee acceptance of the arbitration agreement. Additionally, the Court seeks evidence regarding the general procedure used to distribute the employee manual that contained the arbitration provision, as well as the specific procedure used to distribute the manual to Plaintiff.

   This Court hereby orders the parties to stipulate to a new hearing date on or after January 21, 2009, at 9:30 a.m.

   IT IS SO ORDERED.

DATED: December 5, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\08-3982\Order-scope of hearing.wpd
United States District Court
For the Northern District of California

C-08-3982 ORDER                                                          Page 4 of 4